**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRYAN CARY,

    Plaintiff,

v.                                              Case No. 17-13632

ANTHONY STEWART, et al.,

    Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND GRANTING IN PART AND DENYING IN PARTY DEFENDANTS' MOTION
TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT**

Plaintiff, a pro se prisoner currently in the custody of the Michigan Department of corrections ("MDOC"), filed the instant complaint against a variety of MDOC personnel on November 3, 2017. (Dkt. #1.) Plaintiff asserts several constitutional claims and one claim under Michigan's Ethnic Intimidation law. The basis for these claims, Plaintiff asserts, is Defendants' continued interference with his ability to practice his chosen religion—Native American Traditional Ways. The case was referred to Magistrate Judge Stephanie Dawkins Davis for all pretrial proceedings. On August 17, 2018, Magistrate Judge Dawkins Davis issued a Report and Recommendation ("R&R") addressing Defendants' joint motion to dismiss and motion for summary judgment. Plaintiff filed two objections to the R&R. After reviewing the R&R and the parties' briefs the court concludes that a hearing is unnecessary. *See.* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will overrule both of Plaintiff's objections and adopt the R&R in its entirety.

**I. BACKGROUND**

The factual and procedural history of this case is summarized and paraphrased primarily from the introduction of the Magistrate Judge's Report and Recommendation.

**A. Factual History**

The case revolves around Plaintiff's First Amendment right to practice his religion while imprisoned. Plaintiff professes affiliation with Native American Traditional Ways (NATW). As part of his religious practice, Plaintiff uses a medicine bag containing herbs, which Plaintiff contends is permitted by MDOC Policy Directive 05.03.150. (Dkt. #34, PageID 390.)

Plaintiff alleges that Defendants Laing, Smith, Stewart and other unknown persons had his herbs taken and restricted, falsifying policy language in order to do so. According to Laing, PD 05.03.150 says that "only two (2) braids of sweet grass are allowed outside of the prisoner's medicine bag to contribute to the religious practice of smudging. Anything else is considered by MDOC policy to be excessive property."

Plaintiff asserts that the policy directive actually states otherwise, that he can have "[t]wo braids of sweet grass for smudging during group religious ceremonies and activities unless sweet grass is also part of the contents of medicine bag; maximum one braid per order." (Dkt. #1, PageID 4.) According to Plaintiff, this clearly means two braids of sweet grass for group services and one braid for the prisoner are permitted. Plaintiff also alleges that the policy does not state that the herbs must be in the medicine bag and it does not state that herbs outside the medicine bag are excess property. Plaintiff maintains that braids of sweet grass are 12 inches long and would not

2

fit in a 3x5 medicine bag permitted by the directive. The handbook of religious groups provides that Plaintiff can have sacred medicines which are herbs. Specifically, Plaintiff is permitted to have herbal "Kinnikinnick," which is a mixture of herbs. This handbook does not state that herbs are required to be in the medicine bag. Plaintiff says he can have these herbs and that he cannot practice his religion without them. He alleges that Defendants are completely restricting him from practicing his religion in a manner that is allowed by policy, which violates his constitutional right to freely exercise his religion. Plaintiff also alleges that Defendants violated his Equal Protection rights because they have only searched his belongings and not those of other Native American prisoners to see if they have herbs outside of their medicine bags. (Dkt. #1, PageID 5.)

Plaintiff further alleges that Defendants do not take and restrict rosaries, Qurans, or Bibles. Here, Plaintiff contends that Defendants falsified policy language three different times in order to take and restrict his sacred herbs that are allowed and asserts that he is not being treated like similarly situated prisoners. Plaintiff also contends that Defendants are retaliating against him for filing grievances and lawsuits about the restriction of his herbs. Plaintiff alleges that Defendants bullied him into a writing a statement allowing Defendant Laing to hold the herbs in his office. Plaintiff says he did not want to do this, but he was told the herbs would be donated, destroyed, or mailed home if he did not comply. According to Plaintiff, Defendant Laing told him that the reason the herbs were being taken was because he "made a big deal out of the situation." (Dkt. #1, PageID 5.)

Plaintiff additionally asserts a claim under Michigan's Ethnic Intimidation statute.

3

According to the complaint, Defendants are clearly singling out Plaintiff because of his race and religion. And, when Plaintiff filed grievances and sued, Defendants retaliated in a malicious manner to harass and intimidate him. Plaintiff alleges that Defendants have made it clear that they are not going to return confiscated herbs, and their malicious intent is evidenced by their actions in falsifying policy language in order to take and restrict his herbs. He says they are clearly trying to destroy the herbs. Thus, plaintiff maintains that Michigan's Ethnic Intimidation statute has been violated.

**B. Procedural History**

On February 5, 2018, Defendants filed a joint motion to dismiss and for summary judgment. (Dkt. #16.) Plaintiff then filed a motion seeking limited discovery on the issue of exhaustion to respond to Defendants' motion. (Dkt. #18.) The Magistrate Judge granted Plaintiff's motion and allowed for a period of discovery regarding exhaustion and granting Plaintiff 28 days after the close of discovery to file his response to the motion to dismiss or for summary judgment. (Dkt. #25.) Defendants filed a reply on April 5, 2018. (Dkt. #26.) After the close of the limited discovery period, which expired in early June, Plaintiff did not file any amended or supplemental response to the motion to dismiss or for summary judgment within 28 days as allowed by the Court's Order dated April 2, 2018. (Dkt. #25.)

The Magistrate Judge reviewed Defendants' motion and issued a R&R recommending the following:

    1. Grant Defendants' motion for summary judgment as to Plaintiff's retaliation claim based on failure to exhaust administrative remedies;

2. Grant Defendant Russell's motion for summary judgment based on failure to exhaust administrative remedies;

3. Deny Defendants' motion to dismiss Plaintiff's First Amendment Free Exercise claim;

4. Grant Defendants' motion to dismiss Plaintiff's Equal Protection claim;

5. Grant Defendants' motion to dismiss Plaintiff's substantive due process claim;

6. Grant Defendants' motion for summary judgment on Plaintiff's procedural due process claim; and

7. Decline to exercise supplemental jurisdiction over Plaintiff's state law Ethnic Intimidation claim and DISMISS the claim without prejudice.

(Dkt. #34, PageID 423.)

## II. STANDARD

### A. Timely Objections and *De Novo* Review

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–74 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir.1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*,

638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)). As this court has previously noted, generalized objections that merely restate arguments previously presented are not sufficient to alert the court to alleged errors on the part of the magistrate judge. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747–48 (E.D. Mich. 2004). This court has further noted:

> An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context. A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."

*Id.* (citing *Walters,* 638 F.2d at 949–50)).

Here, the parties were directed to express objections in a way that would facilitate the court's review: "Any objections must be labeled as 'Objection No. 1,' 'Objection No. 2,' etc. Any objection must *recite precisely the provision of this Report and Recommendation* to which it pertains." (Dkt. #34, PageID 424) (emphasis added). Plaintiff filed two objections to the comprehensive 37-page R&R. Neither recites the portion of the R&R with which Plaintiff purports to take issue.

6

## III. DISCUSSION

### A. Plaintiff's First Objection

Plaintiff's first objection appears to challenge the Magistrate Judge's recommendation that his retaliation claim be dismissed for failure to exhaust administrative remedies. Plaintiff asserts that the Magistrate Judge erred in determining that only one of his complaints, JCF-17-10-2571-28b, involved retaliation (Dkt. #34, PageID 405) and asserts that he exhausted three additional retaliation complaints.

The first of these additional retaliation complaints cited by Plaintiff, JCF-1709-228-220c, does state "I believe Lansing is doing this to retaliate for my complaints." (Dkt # 16-3, PageID 126.) However, this complaint was denied Step III review under the MDOC's grievance process, rendering the claim unexhausted for purposes of this court's inquiry. (Dkt. #16-3, PageID 142.) Plaintiff's assertion that he could not appeal this complaint to Step III because it was "signed off as resolved" does not excuse him from the exhaustion requirement to bring claim in federal court. The two other complaints Plaintiff cites in his objection, JCF 1710-2559-20c and JCF 1707-1591-17g, do not appear in the MDOC Step III Grievance Report (Dkt. #16-3) so there is no evidence that either claim was properly exhausted.

Plaintiff's first objection also requests that the court add David Leach as a defendant to this suit. (Dkt. #39, PageID 456.) This request is not a proper objection. Moreover, the court has no power to unilaterally add defendants to a claim. If Plaintiff wishes to add additional defendants, he must follow the proper procedures for amendment pursuant to the Federal Rules of Civil Procedure. Accordingly, the court will

overrule Plaintiff's first objection because it has no legal merit.

### B. Plaintiff's Second Objection

Plaintiff's second objection does not challenge any specific finding in the R&R—it is a general critique of the claim exhaustion requirement. In support of this objection, Plaintiff submits what appears to be new evidence. The court has reviewed this evidence and determines that it does not present any compelling reason to deviate from the Magistrate Judge's well-reasoned determinations. This evidence is offered only to bolster Plaintiff's generalized criticisms of the prison grievance process. Such bare disagreements made "without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Arroyo v. Comm'r of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016). Because Plaintiff raises no specific objections to the Magistrate Judge's R&R but merely repeats his brief, Plaintiff has waived any matter therein that might otherwise be cast as an objection. *See Janney v. Comm'r of Soc. Sec.*, No. 3:13CV399, 2014 WL 1117826, at *1 (N.D. Oh. Mar. 19, 2014).

### IV. CONCLUSION

For the reasons stated above, having conducted a *de novo* review, the court will overrule all of Plaintiff's objections and adopt the Magistrate Judge's well-reasoned and comprehensive R&R in full and without any amendments. Accordingly,

IT IS ORDERED that Plaintiff's objections (Dkt. # 39) are OVERRULED and

the Magistrate Judge's report and recommendation (Dkt. # 34) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FUTHER ORDERED that Defendant's Motion to Dismiss and/or Motion for Summary Judgment (Dkt. #16) is GRANTED IN PART and DENIED IN PART. It is GRANTED as to Plaintiff's retaliation claim, Equal Protection claim, substantive due process claim, procedural due process claim, and all claims against Defendant Russell. It is DENIED as to Plaintiff's First Amendment claim.

IT IS FURTHER ORDERED that the court declines to exercise supplemental jurisdiction over Plaintiff's state law Ethnic Intimidation claim and DISMISSES the claim without prejudice.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: September 25, 2018

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 25, 2018, by electronic and/or ordinary mail.

          s/William Barkholz for Lisa Wagner
          Case Manager and Deputy Clerk
          (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C1 ORDERS\17-13632.CARY.R&R.HEB.docx