**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRYAN CARY,

    Plaintiff,
v.                                                         Case No. 17-13632

ANTHONY STEWART, et al.,

    Defendants.
                                             /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On September 25, 2018, the court issued a ruling adopting and affirming the Report and Recommendation by Magistrate Judge Dawkins Davis and dismissing Plaintiff's civil rights complaint. (Dkt. #44.) The complaint asserted several claims related to Defendants' alleged interference with Plaintiff's ability to practice his chosen religion—Native American Traditional Ways. Plaintiff filed a "response" to the court's order, which the court will construe as a motion for reconsideration.

## I. DISCUSSION

To prevail on a motion for reconsideration, Plaintiff "must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3); *see also Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011) (explaining that a motion for reconsideration in the Eastern District of Michigan requires "the movant [to] show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case"). "A 'palpable defect' is a defect which is

obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.) Plaintiff's motion points to two asserted errors.

First, Plaintiff argues that the court incorrectly stated that he had failed to file discovery timely. (Dkt. #46, PageID 501.) Plaintiff misinterprets the court's order. The court stated that Plaintiff failed to timely supplement his response to Defendants' motion to dismiss after the court permitted additional discovery on the limited issue of administrative exhaustion (Dkt. #25.) Regardless, Plaintiff fails to explain how altering the court's summary of this case's procedural history would impact the court's final ruling—it would not.

Plaintiff's second argument relates to the issue of exhaustion. It appears that Plaintiff bases his retaliation claim on grievance JCF-17-07-1561-17G. (Dkt. #24, PageID 272.) Plaintiff is correct that the court erred in stating that grievance JCF-17-07-1561-17G did not appear on the Step III Grievance Report. (Dkt. #44, PageID 496.) This grievance in fact does appear on the updated Step III Grievance Report, which states that it was denied and closed. (Dkt. #19, PageID 182.) Based on Plaintiff's own statements, however, grievance JCF-17-07-1561-17G does not state a retaliation claim. Plaintiff's response explains: "Plaintiff filed grievance #1707159117g about his sacred herbs being taken, and some destroyed. The herbs were returned. However during the investigation of Step II MDOC officials in response to the grievance, had the herbs retaken." (Dkt. #24, PageID 272.) Based on Plaintiff's own version of events, which the court credits for these purposed, his retaliation claim did not arise until after he filed

grievance JCF-17-07-1561-17G.

To properly exhaust a claim, Defendant must exhaust his administrative remedies for each discrete grievance. *See Bean v. Tribley*, 2013 WL 3755768, *2 (W.D. Mich. 2013) (summarizing Sixth Circuit precedent that administrative exhaustion requires inmates to file grievances for each discrete event forming the basis of a complaint). Grievance JCF-17-07-1561-17G was filed before the alleged retaliation—the re-confiscation of herbs after they had earlier been returned—occurred. Therefore, the initial taking of Plaintiff's herbs, the basis of grievance JCF-17-07-1561-17G, and the retaking of Plaintiff's herbs constitute separate actions and require Plaintiff to exhaust the grievance process for each claim. *See Siggers v. Campbell*, No. 07-12495, 2008 WL 5188791, at *4 (E.D. Mich. Dec. 10, 2008) ("In order to have exhausted such retaliation claims, [plaintiff] must have indicated that he was complaining of retaliation when he exhausted his administrative remedies at the prison."), *aff'd* 652 F.3d 681 (6th Cir. 2011). Plaintiff does not allege that he exhausted a separate grievance related to the retaking of his herbs. Contrary to Plaintiff's assertion, filing a grievance for retaliation based on the retaking of his herbs would not constitute a duplicative grievance.

In sum, Plaintiff is correct that grievance JCF-17-07-1561-17G appears on the updated Step III Grievance Report. Nevertheless, taking Plaintiff's version of events as true, grievance JCF-17-07-1561-17G does not form the basis for a retaliation claim. Its inclusion on the Step III Grievance Report does not change the court's conclusion that Plaintiff failed to exhaust administrative remedies on his retaliation claim.

## II. CONCLUSION

Plaintiff does not show that the court's order adopting the Report and Recommendation contains a palpable defect that impacted the resolution of Defendants' motion for judgment.

Accordingly, IT IS ORDERED that Plaintiff's motion for reconsideration (Dkt. #46) is DENIED.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: December 18, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 18, 2018, by electronic and/or ordinary mail.

                                              s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522

S:\Cleland\Cleland\HEB\Civil\17-13632.CARY.deny.reconsideration.HEB.docx